Evan Livingstone, SBN 252008
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa CA 95407
Phone: (707) 280-2791
Fax:    (707) 626-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor-In-Possession
Jorge Almanza Martin Del Campo

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No.    25-41405 CN |
| Jorge Almanza Martin Del Campo | Chapter    11 |
| Debtor-In-Possession | **DEBTOR'S STATUS CONFERENCE STATEMENT** |
| | Date:    September 12, 2025<br>Time:    11:00 AM |
| | Judge:   Hon. Charles Novack<br>Ctrm:    1300 Clay St, Ctrm 215<br>Via Zoom Video Conference |

**TO THE HONORABLE CHARLES NOVACK, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, AND GENERAL UNSECURED CREDITORS:**

Debtor-in-Possession Jorge Almanza Martin Del Campo submits the following Status Conference Statement:

**1. The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor(s)' objectives in this Chapter 11 case, and the means proposed to achieve those objectives:**

Debtor owns a 7-unit apartment building located at 4824 Bancroft Ave, Oakland, CA 94601, Alameda County APN 035-2384-003-03169. Rent from the building is Debtor's only source of income. There are three deeds of trust securing loans on the property. 1) Felipe R. Pinedo: $666,000, 2) FCI Lender Services, Inc., Chin-Chai Low, Lai-Fen Wong, Barry Chin,

Susan Chin, Siva Uppalapati and Padma Uppalapati: $350,000, 3) FCI Lender Services, Inc., Twin Rivers Capital: $90,000.

After the Debtor failed to pay property taxes on the Real Property in December 2024, the third lender paid the delinquent property taxes on the building, declared the loan in default, and recorded a Notice of Default on March 21, 2025.

On July 7, 2025, Debtor filed this Chapter 11 bankruptcy to forestall foreclosure.

**2. A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan:**

Debtor proposes to file a plan and disclosure statement by October 3, 2025.

Debtor proposes to obtain confirmation of a plan by November 14, 2025.

**3. An outline of the proposed plan:**

The following creditors have claims secured by the Real Property.

```
1. Felipe R. Pinedo:                                                $666,000.00
2. FCI Lender Services, Inc., Chin-Chai Low, Lai-Fen Wong, Barry
   Chin, Susan Chin, Siva Uppalapati and Padma Uppalapati:          $350,000.00
3. FCI Lender Services, Inc., Twin Rivers Capital:                   $90,000.00
4. East Bay Municipal Utility District lien (estimated)              $13,000.00
5. Alameda County (unpaid property taxes)                            $11,624.15
```

Debtor's plan will treat the secured claims as follows:

1. The loan of first position secured creditor Felipe Pinedo will not be modified, except to cure the default. Debtor will resume making regular monthly payments to Mr. Pinedo in the amount $4,196.85, plus cure the arrears on this loan of $59,595.03 at 5.5% interest over 25 years, by paying an additional $365.97 a month to this creditor.

2. The loan of second position secured creditors FCI Lender Services, Inc., Chin-Chai Low, Lai-Fen Wong, Barry Chin, Susan Chin, Siva Uppalapati and Padma Uppalapati will be modified as follows. Creditors will be paid the full amount of principal owed in the amount of $350,000.00 at 5.5% interest over a period of 40 years, which will result in a monthly payment of $1,987.26.

3. The third position lien of FCI Lender Services, Inc., Twin Rivers Capital will be valued at $0. This claim will be treated as a general unsecured creditor.

4. The utility lien of EBMUD in the approximate amount of $13,000 will be paid in full at 5.5% interest over 5 years resulting in a monthly payment of $248.32.

5. Delinquent property taxes in the amount of $11,624.15 will be paid in full at %18% interest over 5 years resulting in a monthly payment of $295.18.

6. General unsecured creditors whose claims total approximately $146,822.45 (including the $90,000 stripped claim of FCI Lender Services, Inc., Twin Rivers Capital) will be paid 10% of their claims over a period of 5 years, resulting in a combined payment of $244.70.

**4. The type, status and adequacy of insurance coverage of the debtor(s)' assets:**

The Real Property and Debtor's vehicle are insured. The UST has requested that Debtor provide the full property insurance policy info, showing a policy number and policy period and evidence of coverage for both loss and landlord liability. This information is still pending as Debtor obtained new property insurance on 8/19/2025. Debtor is still working on adding UST to vehicle insurance policy and property insurance policy for notice purposes.

**5. Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.):**

The Court approved Debtor's application to employ Debtor's counsel on 8/28/205.

Debtor will need a Court order to employ an appraiser to appraise the value of the Real Property in order to support Debtor's motion to value the third position secured creditor's collateral at $0.

**6. The debtor(s)' post−petition operations, revenue and financial results:**

The Real Property consists of a 7-unit rental building, which earns the following rental income:

| Unit | Rent |
|---|---|
| 4824 Bancroft Ave | $1,900.00 |
| 4826 Bancroft Ave | $2,000.00 (currently vacant, but projected) |
| 4828 Bancroft Ave | $1,763.00 |
| 4830 Bancroft Ave | $1,400.00 |
| 4832 Bancroft Ave | $2,200.00 |
| 4834 Bancroft Ave | $1,000.00 |
| 4836 Bancroft Ave | $1,900.00 |
| Total Income | $12,463.00 |

Excluding payments to secured creditors, monthly expenses for the Real Property are:

| | |
|---|---|
| Property Tax | $1,937.36 |
| Property Insurance | $500.00 |
| Oakland RAP Fee | $187.00 |
| PGE (electricity) | $270.00 |
| EDMUD (water & sewer) | $550.00 |
| Waste Management (garbage) | $450.00 |
| Repairs to Building | $500.00 |
| Truck Insurance | $215.03 |
| Gas for Truck | $225.00 |
| Phone | $225.00 |
| Management Expense | $1,700.00 |
| Total Monthly Expenses | $6,759.38 |

After monthly expenses are paid, Debtor will have approximately $5,704.00 each month to pay the secured creditors. Total payments to secured and unsecured creditors under the proposed plan will be $7,338.28 during the first 5 years of the plan. Under Debtor's current budget, Debtor will have an approximately monthly shortfall of $1,634.28. Debtor is looking for part time employment to supplement his rental income from the property so that he can make up this shortfall.

**7. The status of any litigation pending in or outside of this Court:**

Not applicable.

**8. The debtor(s)' attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews):**

Debtor attended the US Trustee's IDI on August 27, 2025, at 3:00 PM. Debtor sent additional information to the UST on September 5, 2027. There are several items still pending such as getting the full property insurance policy info, showing a policy number and policy period and evidence of coverage for both loss and landlord liability, and adding UST to vehicle insurance policy and property insurance policy for notice purposes.

More significantly, Debtor has not provided the UST with his DIP account(s) information, as a DIP account has not been opened.

Debtor will be attending the § 341 Meeting on September 8, 2025, at 11:30 AM.

**9. The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities:**

Debtor's first Monthly Operating Report is due 9/21/2025 for the period covering 08/04/25 - 08/31/25.

Debtor has not yet opened a DIP account. Debtor and/or his lawyer have contacted approximately 20 banks on the UST's Authorized Depository List, with either a negative response or no response. Debtor's existing account holder, Bank of America, has responded that they will not open a DIP account for debtor, nor will they allow debtor to convert his existing account to a DIP account. Debtor went into Fremont Bank in person, and they let him know that they could not open an account. Debtor's lawyer is working with Exchange Bank in Santa Rosa California to open a DIP account. Debtor will provide an update at the status conference.

**10. Whether the debtor has met the requirements for using cash collateral and obtaining credit:**

Debtor has filed and noticed a motion for use of cash collateral to be heard on September 12, 2025, at 11:00 AM

Debtor spent some cash collateral in July 2021 without Court permission, or permission of the secured creditors. This was an error that will be detailed in Debtor's first MOR.

**11. Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors:**

Not applicable

**12. Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed:**

Not applicable

**13. Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/ or equity owners:**

Not applicable

**14. Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case:**

If Debtor is not able to find a bank that will open a DIP account, Debtor will file an appropriate motion to permit Debtor to utilize his existing account.

Dated: September 5, 2025

/s/Evan Livingstone
Attorney for Debtor-in-Possession
Jorge Almanza Martin Del Campo