Evan Livingstone, SBN 252008
Law Office Of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa CA 95407
Phone: (707) 280-2791
Fax:    (707) 626-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor-In-Possession
Jorge Almanza Martin Del Campo

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No.   25-41405 CN |
| Jorge Almanza Martin Del Campo | Chapter    11 |
| Debtor-In-Possession | **MOTION FOR ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF EVAN LIVINGSTONE, DECLARATION OF DEBTOR** |
| | Date:   October 24, 2025<br>Time:   11:00 AM<br>Judge:  Hon. Charles Novack<br>Ctrm:   1300 Clay St, Ctrm 125<br>Via Zoom Video Conference |

**TO THE HONORABLE CHARLES NOVACK, JUDGE OF THE UNITED STATES BANKRUPTCY COURT:**

Debtor Jorge Almanza Martin Del Campo moves the Court for an Order pursuant to Sections 105(a), 345 and 363 of the Bankruptcy Code for an Order Authorizing Debtor to Use His Existing Bank Account at Bank of America as a Debtor-in-Possession (DIP) account for cash collateral derived from rent received from the real property at 4824 Bancroft Ave, Oakland, CA 94601, and to open a second bank account at Bank of America, or another institution to use as a DIP account for Debtor's non-cash collateral income from employment.

This Court has jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is

proper before this Court pursuant to 28 U.S.C.

This motion is made on the grounds that Debtor has attempted to open a DIP account with 30 banks on the United States Trustee's Authorized Depository List, and he has not been able to open a DIP account with any of these banks.

This motion is supported by a Memorandum of Points and Authorities and the Declaration of Debtor Jorge Almanza Martin Del Campo.

Dated: October 10, 2025                         /s/Evan Livingstone
                                                Attorney for Debtor-in-Possession
                                                Jorge Almanza Martin Del Campo

**MEMORANDUM OF POINTS AND AUTHORTIES**

## I. FACTS

Debtor Jorge Almanza Martin Del Campo filed this Chapter 11 bankruptcy case on August 4, 2025.

Until approximately October 1, 2025, the only source of income for the bankruptcy estate was rental income from the property at 4824 Bancroft Ave, Oakland, CA 94601.

Starting approximately October 1, 2025, Debtor began to earn additional income from employment doing construction work. He expects to earn approximately $3,000 a month.

Since the bankruptcy case was filed, Debtor's lawyer emailed the following financial institutions on the United States Trustee's Authorized Depository List and asked if Debtor could open a Debtor-in-Possession (DIP) account: American Business Bank, Axos Bank, Bank of America, BMO bank, Cadence Bank, California Bank of Commerce, Chase, CitiBank, Citizens Bank N.A, Citizens Business Bank, City National Bank, Comerica Bank–California, East– West Bank, Exchange Bank, First Northern Bank of Dixon, First-Citizens Bank & Trust Company, Flagstar Bank, N.A, Fremont Bank, Heritage Bank of Commerce, Lexicon Bank, Preferred Bank, Preferred Bank, Summit State Bank , Torrey Pines Bank, Tri State Capital Bank, Union Bank of California, United Business Bank, Webster Bank, Wells Fargo Bank, Western Alliance Bank.

The following banks did not respond to the inquiry of Debtor's lawyer: American Business Bank, Axos Bank, Cadence Bank, California Bank of Commerce, CitiBank, Citizens Bank N.A, Citizens Business Bank, Comerica Bank – California, East – West Bank, First Northern Bank of Dixon, First-Citizens Bank & Trust Company, Flagstar Bank, N.A, Heritage Bank of Commerce, Lexicon Bank, Preferred Bank, Torrey Pines Bank, Tri State Capital Bank, Union Bank of California, Webster Bank.

The following banks explicitly told Debtor's lawyer in writing that it would not open a DIP account for Debtor: Bank of America, BMO bank, Chase, City National Bank, Preferred Bank, Summit State Bank, United Business Bank. Bank of America also refused to allow Debtor to convert his existing bank account into a DIP account.

Fremont Bank and Wells Fargo Bank initially told Debtor's lawyer that they could open a DIP account, but then subsequently told Debtor in person that they would not open a DIP account for Debtor.

Fremont Bank and Wells Fargo Bank initially told Debtor's lawyer that they could open a DIP account, but then subsequently told Debtor in person that they would not open a DIP account for Debtor.

Exchange Bank and Western Alliance Bank initially told Debtor's lawyer that they could open a DIP account, but then subsequently stopped communicating with Debtor's lawyer.

Three of the seven tenants at the property at 4824 Bancroft Ave, Oakland, CA 94601 make direct deposits into Debtor's existing Bank of America account using Zelle.

## II. ARGUMENT

Local Bankruptcy Rule 2015-1 subd. (a) requires that, "The signature card (or if there is none, the depository agreement) for any account containing funds which are the property of a bankruptcy estate must clearly indicate that the depositor or investor is a "debtor-in-possession" or a trustee in bankruptcy."

Bankruptcy Code § 345, subd. (a) provides that "A trustee in a case under this title may make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

Bankruptcy Code § 363, subd. (c)(4) requires that, "the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control." Rent from the Real Property at 4824 Bancroft Ave, Oakland, CA 94601 is cash collateral of secured creditors.

Debtor is not able to open a bank account designated as a DIP account. Debtor needs a second bank account to segregate rental income from employment income.

Bankruptcy courts have recognized that strict enforcement of the bank account closure requirements in certain cases does not serve the rehabilitative purposes of chapter 11. For example, in the District of Delaware, bankruptcy courts have waived such requirements and replaced them with alternative procedures that provide the same protections. *See, e.g., In re*

*Exide Technologies*, Case No. 02-11125 (Bankr. D. Del. Apr. 17, 2002) (Doc 68 permitting debtors to maintain existing bank accounts and cash management system); *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del. Apr. 2, 2001) (same); *In re Waccamaw's HomePlace*, Case No. 01-00181 (Bankr. D. Del. Jan. 17, 2001) (same).

  Wherefore, Debtor requests that the Court authorize Debtor to use his existing bank account at Bank of America as a Debtor-in-Possession (DIP) account for cash collateral, and to open a second bank account at Bank of America, or another institution to use as a DIP account for Debtor's income from employment.

Dated: October 10, 2025          /s/Evan Livingstone
                  Attorney for Debtor-in-Possession
                  Jorge Almanza Martin Del Campo

# DECLARATION OF EVAN LIVINGSTONE

I, Evan Livingstone, declare that:

1. The following facts are personally known to me and, if called and sworn as a witness, I could and would competently testify to their truth.

2. I am the attorney of record for Debtor Jorge Almanza Martin Del Campo.

3. Debtor Jorge Almanza Martin Del Campo filed this Chapter 11 bankruptcy case on August 4, 2025.

4. Since the bankruptcy case was filed, I emailed the following financial institutions on the United States Trustee's Authorized Depository List and asked if Debtor could open a Debtor-in-Possession (DIP) account: American Business Bank, Axos Bank, Bank of America, BMO bank, Cadence Bank, California Bank of Commerce, Chase, CitiBank, Citizens Bank N.A, Citizens Business Bank, City National Bank, Comerica Bank–California, East– West Bank, Exchange Bank, First Northern Bank of Dixon, First-Citizens Bank & Trust Company, Flagstar Bank, N.A, Fremont Bank, Heritage Bank of Commerce, Lexicon Bank, Preferred Bank, Preferred Bank, Summit State Bank , Torrey Pines Bank, Tri State Capital Bank, Union Bank of California, United Business Bank, Webster Bank, Wells Fargo Bank, Western Alliance Bank.

5. The following banks did not respond to my inquiry: American Business Bank, Axos Bank, Cadence Bank, California Bank of Commerce, CitiBank, Citizens Bank N.A, Citizens Business Bank, Comerica Bank – California, East – West Bank, First Northern Bank of Dixon, First-Citizens Bank & Trust Company, Flagstar Bank, N.A, Heritage Bank of Commerce, Lexicon Bank, Preferred Bank, Torrey Pines Bank, Tri State Capital Bank, Union Bank of California, Webster Bank.

6. The following banks explicitly told me in writing that it would not open a DIP account for Debtor: Bank of America, BMO bank, Chase, City National Bank, Preferred Bank, Summit State Bank, United Business Bank. Bank of America also refused to allow Debtor to convert his existing bank account into a DIP account.

7. Fremont Bank and Wells Fargo Bank initially told me that they could open a DIP account, but then I was subsequently told by Debtor that he went to the bank, and they would not

1. open a DIP account for Debtor.

2. 8. Exchange Bank and Western Alliance Bank initially told me that they could open a DIP account for Debtor, but then subsequently stopped communicating with me.

3. 9. Attached as Exhibit A is a true copy of the emails I sent to banks on the United States Trustee's Authorized Depository List, and the banks' responses.

I declare under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Executed on October 10, 2025, at Santra Rosa, California   /s/Evan Livingstone
Attorney for Debtor-in-Possession
Jorge Almanza Martin Del Campo

# DECLARATION OF JORGE ALMANZA MARTIN DEL CAMPO

I, Jorge Almanza Martin Del Campo, declare that:

1. The following facts are personally known to me and, if called and sworn as a witness, I could and would competently testify to their truth.

2. I am the Debtor in this Chapter 11 bankruptcy case.

3. I filed this Chapter 11 bankruptcy case on August 4, 2025.

4. Until approximately October 1, 2025, the only source of income for the bankruptcy estate was rental income from the property at 4824 Bancroft Ave, Oakland, CA 94601.

5. Starting approximately October 1, 2025, I began to earn additional income from employment doing construction work. I expect to earn approximately $3,000 a month.

6. At the instruction of my lawyer, I went into Fremont Bank and Wells Fargo Bank branches to open a DIP account, but the bank representative told me they would not open a DIP account for me.

7. Three of the seven tenants at the property at 4824 Bancroft Ave, Oakland, CA 94601 make direct deposits into Debtor's existing Bank of America account using Zelle.

I declare under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Executed on October 10, 2025, at Ceres, California

/s/Jorge Almanza Martin Del Campo
Jorge Almanza Martin Del Campo
Debtor-In-Possession