SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Telephone: (949) 263-8757
Facsimile: (949) 308-7373
jscheer@scheerlawgroup.com

Attorneys for
Chin-Chai Low and Lai-Fen Wong, Trustees of the Low/Wong Family Trust dated September 9, 1999, and any amendments thereto, $150,000.00/$350,000.00ths; Barry L. Chin and Susan Y. Chin, Trustees, or their successors in trust, under the Chin Living Trust, dated April 13, 2001 and any amendments thereto, $100,000.00/$350,000.00ths; Siva Uppalapati and Padma Uppalapati, as CO-Trustees of the Uppasana22 Family Trust, U/A dated November 8, 2022, $100,000.00/$350,000.00ths

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Jorge Almanza Martin Del Campo,<br><br>Debtor. | Bk. No. 25-41405<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing<br>Date: 01/07/2026<br>Time: 10:00 AM<br>Place: Courtroom 215<br>1300 Clay Street, Oakland, CA 94612 |

[THIS PAGE WAS INTENTIALLY LEFT BLANK]

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………………1

II. FACTS……………………………………………………………………………………….2

III. ARGUMENT…………………………………………………………………………….6

    1. Relief is Mandatory Under 11 U.S.C. § 362(d)(3) as No Plan has Been Filed and Interest Payments Have Not Commenced as Required……………………………..6

    2. Sufficient "Cause" Exists to Grant Movant's Motion for Relief from the Automatic Stay as Movant is not Adequately Protected and Debtor's Actions are in Bad Faith………………………..…………………………………………………..7

    3. The Property Has No Equity and is Not Necessary to an Effective Reorganization That is in Prospect………………………………………………………...……10

    4. Bankruptcy Rule 4001(a)(3) Should Be Waived………..……………………………12

IV. CONCLUSION……………………………………………………………..…....……...12

# TABLE OF AUTHORITIES

**Federal Cases**

*Centofante v. CBJ Dev., Inc. (In re CBJ Dev., Inc.)*
    202 B.R. 467, 470 (B.A.P. 9th Cir. 1996)……………………………………………..6

*Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*
    344 B.R. 114, 127 (Bankr. E.D. Cal. 2006)……………………………………………8

*In re Bowers Inv. Co.*, LLC (Bankr.D.Alaska 2016)
    553 B.R. 762, 771.)……………………………………………………………………….9

*In re Smith*
    1996 Bankr. LEXIS 1486, 78 A.F.T.R.2d (RIA) 7597 (Bankr. D. Cal. 1996)………..8

*In re Summit LLC*
    2023 WL 634174, at *3 (Bankr. C.D. Cal. Jan. 26, 2023)…………………………….7

*La Jolla Mortg. Fund v. Rancho El Cajon Associates*
    18 B.R. 283 (Bankr. S.D. 1982)……………………………………………………………11

*NationsBank, N.A. v. LDN Corp. (In re LDN Corp.)*
    191 B.R. 320, 327 (Bankr. E.D. Va. 1996)………………………………………………6

*Pistole v. Mellor (In re Mellor)*
    734 F.2d 1396, 1400 (9th Cir. 1984)……………………………………………………11

*United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd.*
    484 U.S. 365, 376 (U.S. 1988)……………………………………………………………10

**Statutes, Treatises, and Regulations**

11 U.S.C. § 101(51B))……………………………………………..…………………………….1

11 U.S.C. § 362(d)(1)……………………………………………………………………….2, 7, 12

11 U.S.C. § 362(d)(2)……………………………………………………………………….2, 10, 12

11 U.S.C. § 362(d)(3)……………………………………………………………………..1, 2, 6, 7, 12

Bankruptcy Rule 4001(a)(3)7………………………………………………………………….2, 12

Collier on Bankruptcy P 1112.04 (16th 2021)……………………………………………...9

## MEMORANDUM OF POINTS AND AUTHORITIES

Chin-Chai Low and Lai-Fen Wong, Trustees of the Low/Wong Family Trust dated September 9, 1999, and any amendments thereto, $150,000.00/$350,000.00ths; Barry L. Chin and Susan Y. Chin, Trustees, or their successors in trust, under the Chin Living Trust, dated April 13, 2001 and any amendments thereto, $100,000.00/$350,000.00ths; Siva Uppalapati and Padma Uppalapati, as CO-Trustees of the Uppasana22 Family Trust, U/A dated November 8, 2022, $100,000.00/$350,000.00ths ("**Movant**") submits this Memorandum of Points and Authorities in Support of its Motion for Relief from Automatic Stay filed in the above-captioned bankruptcy. This Memorandum is based on the pleadings and records on file in this matter, the Declaration of Chin-Chai Low ("**Movant's Declaration**"), the Declaration of Joshua Scheer ("**Scheer Declaration**"), the Motion for Relief from Automatic Stay ("**Motion**"), and the pleadings and records on file in this matter. Movant requests that the court take Judicial Notice of certain documents on file with this Court, including, but not limited to Debtor's Schedules, pursuant to Federal Rule of Evidence 201. Movant's Motion concerns the following property: 4824 Bancroft Avenue, Oakland, CA 94601 ("**Property**"), legally described in the Deed of Trust.

### I. INTRODUCTION

This case was filed on August 4, 2025 as a Single Asset Real Estate ("**SARE**") case under 11 U.S.C. § 101(51B)). This case has now been pending for over four (4) months with no plan filed and no interest payments as required by 11 U.S.C. § 362(d)(3). While the Debtor has represented that a plan is imminent, to date, Debtor has filed no plan and has made little to no progress in the case. In fact, the situation has gotten worse. Even apart from the requirement to lift the stay under (d)(3), there is additional "cause" to grant relief from stay due to admitted misuse of cash collateral, mismanagement of the Property, insurance defects, and lack of any equity in the Property for the estate.

Movant holds a promissory note secured by a second position deed of trust encumbering the Property. Movant's loan is a "short term" (two year), business purpose loan that will mature

on March 1, 2026.

The Property is an apartment building with seven (7) residential tenants that is managed *by the Debtor*. Movant has an interest in all rents and profits generated form the Property and had not authorized use of cash collateral. Movant learned that the Debtor had used cash collateral without authorization after the filing, but proceeded to negotiate a stipulation for use of cash collateral that was entered on November 24, 2025, so that necessary expenses could be paid.

Despite entering into a Cash Collateral Stipulation Debtor continued to use Movant's cash collateral *for his own purposes* and without authorization. This continued misuse of cash collateral provides "cause" for relief from relief from the automatic stay.

Also, while the Debtor eventually provided proof of insurance on the Property, Movant recently learned that the insurance was financed *post-petition* and without authorization of Movant or the Court. Movant also learned that Debtor was paying "child support" through a rent credit for a tenant on the Property without disclosure or authorization.

Movant's interest is further jeopardized by the lack of equity in the Property. There is no equity in the Property even by Debtor's own valuation.

Accordingly, Movant requests relief pursuant to 11 U.S.C. § 362(d)(1) for "cause" and under 11 U.S.C. § 362(d)(2) due to a lack of equity and inability to reorganize and under 11 U.S.C. § 362(d)(3) for the failure to file a confirmable plan or provide for full interest payments as required. Movant also requests that any additional stay of Bankruptcy Rule 4001(a)(3) be waived.

## II. FACTS

1. Movant is the current payee of a Promissory Note dated February 27, 2024 in the principal amount of $350,000.00 (the "**Note**") secured by a Deed of Trust of same date, which bears interest as specified therein. The loan will mature on March 1, 2026.[1]

2. The indebtedness evidenced by the Note is secured by a *second* position Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing Statement (the

"**Deed of Trust**") executed and recorded in Alameda County and which encumbers all of the real property located at 4824 Bancroft Avenue, Oakland, CA 94601 **("Property").**[2]

3. Movant is the current holder of the Note and maintains all beneficial interest relating to the subject loan.[3]

4. Debtor has defaulted on the Note. On the basis of the Debtor's failure to make required payments, the Debtor is now due and owing to Movant as of December 4, 2025:[4]

<u>Pre-Petition Arrearages (per proof of claim):</u>

| | |
|---|---|
| 3 Monthly Payments from 06/01/25 through 08/01/25 at $4,083.33 each | $12,249.99 |
| Late Charges | $4,073.30 |
| Subtotal Pre-Petition Delinquencies | $16,323.29 |

<u>Post-Petition Delinquencies:</u>

| | |
|---|---|
| 4 Monthly Payments from 09/01/25 through 12/01/25 at $4,083.33 each | $16,333.32 |
| Late Charges | $1,633.32 |
| Attorneys' Fees and Costs | $4,828.00 |
| Suspense Balance | $(2,557.87) |
| Subtotal Post-Petition Delinquencies | $20,236.77 |
| **TOTAL ARREARS DUE AS OF 12/4/25** | **$36,560.06** |

5. The total amount now owed to Movant is $386,806.24 as of December 5, 2025.[5]

| | |
|---|---|
| Unpaid Principal Balance | $350,000.00 |
| Note Rate Interest Due from 5/1/2025 to 12/5/2025 at 14.0% | $28,863.03 |
| Late Fees | $5,673.08 |
| Attorneys' Fees and Costs | $4,828.00 |
| Suspense Balance | $(2,557.87) |
| **TOTAL AS OF 12/05/25** | **$386,806.24** |

---

[1] *See* Movant's Declaration, Par. 5, Exhibit "1".
[2] *See* Movant's Declaration, Par. 6, Exhibit "2".
[3] *See* Movant's Declaration, Par. 7.
[4] *See* Movant's Declaration, Par. 8.

6. Interest continues to accrue as set forth in the Note.[6]

7. Movant has not been provided proof of insurance for the Property with Movant listed as a loss payee.[7]

8. Movant has performed each and every act required by the terms of the Deed of Trust.[8]

9. Debtor has not requested a loan modification.[9]

10. Movant requests authority to commence or complete foreclosure proceedings relative to the Property, but is prevented from doing so by the filing of Debtor's petition which operates as an automatic stay prohibiting Movant from taking any action or commencing any Court proceeding to enforce a lien upon the Debtor's real property.[10]

11. Additional liens encumber the Property as follows:[11]

- Felipe R. Pinedo (*first position*)        $658,315.38 (per Proof of Claim #4-2)
- Twin Rivers et al. (*third position*)      $129,787.40
- East Bay Municipal Utility District        $5,000.00 (per Debtor's Schedule D)

12. The Debtor has listed the value of the Property as $970,000 in his Schedules on file with this court. Movant believes the value is higher than the $970,000 listed, but that there is limited or no equity in the Property. Movant reserves the right to obtain its own appraisal should value be at issue, but asserts that even Debtor is admitting there is a lack of equity in the Property protecting Movant's interest.[12]

13. Movant's records reflect that Debtor is delinquent to the Alameda County Tax Collector on his property taxes in the amount of $12,441.70.[13]

---

[5] *See* Movant's Declaration, Par. 9.
[6] *See* Movant's Declaration, Par. 10.
[7] *See* Movant's Declaration, Par. 11.
[8] *See* Movant's Declaration, Par. 12.
[9] *See* Movant's Declaration, Par. 13.
[10] *See* Movant's Declaration, Par. 14.
[11] *See* Movant's Declaration, Par. 15.
[12] *See* Movant's Declaration, Par. 16.

14. Prior to the filing, the Debtor defaulted on the obligation to obtain required insurance on the Property. While the Debtor eventually provided proof of insurance on the Property, Movant is informed that the insurance was financed post-petition and without authorization of Movant or the Court.[14]

15. Movant also has an interest in all rents and profits generated form the Property pursuant to the assignment of rents provision in its Deed of Trust. Upon the filing of the Bankruptcy, Movant did not authorize use of its cash collateral. However, Movant learned that the Debtor had used cash collateral without authorization after the filing. In the course of negotiating a cash collateral stipulation, movant learned that Debtor 1) had improperly and without authorization, financed insurance, post-petition, 2) was/is providing a $1,200 discount to one of the tenants on the Property as a payment of "child support", and has done so previously without disclosure and/or authorization, and 3) has/had written leases for all tenants on the Property despite prior representations that all lease agreements were "not in writing".[15]

16. Despite the admitted misuse and significant ongoing concerns regarding Debtor's ability to manage the Property, on or about November 24, 2025, Movant agreed to a Stipulation Regarding Cash Collateral ("**Cash Collateral Stipulation**") for the sole purpose of ensuring that necessary expenses were paid on the Property including taxes, insurance, and upkeep, with the remainder to go to the secured creditors "prorata". Specifically, the Cash Collateral Stipulation provides for $2,587.62 to go to Movant for November and December. However, Movant's "interest only" on the Note is $4,083.33/month. Meaning, the payments in the Cash Collateral Stipulation do not cover *even the non-default interest* accruing on the obligation. Importantly, the Cash Collateral Stipulation expires at the end of December 2025.[16]

17. Subsequent to the Cash Collateral Stipulation, it was discovered that the Debtor continued to use Movant's cash collateral for his own purposes and without authorization, including use for his own cell phone and personal life insurance policy. It appears that the

---

[14] *See* Movant's Declaration, Par. 18, Exhibit "4", *See* also Scheer Declaration, Par. 4.
[15] *See* Movant's Declaration, Par. 19, *See* also Scheer Declaration, Par. 3.

Debtor continues to misuse cash collateral disregarding the Court's orders and the Cash Collateral Stipulation.[17]

### III. ARGUMENT

**1. Relief is Mandatory Under 11 U.S.C. § 362(d)(3) as No Plan has Been Filed and Interest Payments Have Not Commenced as Required**

The Debtor filed this case as a SARE case on August 4, 2025, over four months ago. There is no dispute as to this issue. 11 U.S.C. § 362(d)(3) provides in relevant part:

> "**(3)** with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is **90 days after the entry of the order for relief** (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later--
> **(A)** the debtor has **filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time**; or
> **(B)** the debtor has commenced monthly payments that--
> **(i)** may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
> **(ii)** are **in an amount equal to interest at the then applicable nondefault contract rate of interest** on the value of the creditor's interest in the real estate; or…" (*emphasis* added).

The SARE statute is straightforward in its requirements. "Where, as here, property constitutes "single asset real estate," relief " 'under § 362(d)(3) is mandatory where its provisions are not strictly complied with.' " *Centofante v. CBJ Dev., Inc. (In re CBJ Dev., Inc.),* 202 B.R. 467, 470 (B.A.P. 9th Cir. 1996) (citing *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.),* 191 B.R. 320, 327 (Bankr. E.D. Va. 1996)). In enacting § 362(d)(3), Congress was "concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved." *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.),* 191 B.R. 320, 326 (Bankr. E.D. Va. 1996). The purpose of § 362(d)(3) is "to avoid the usual delays experienced in Chapter 11 in single asset real estate cases, which

---

[16] *See* Movant's Declaration, Par. 20, Exhibit "5".

historically have been filed to avoid a foreclosure and in the hope that the debtor can come up with some form of a miracle in order to formulate an acceptable plan." *Id.* Congress amended § 362 "to provide a means to expedite the potential for relief" to secured creditors "unless certain conditions are met." *Id. In re Summit, LLC,* No. 2:22-BK-13853-ER, 2023 WL 634174, at *3 (Bankr. C.D. Cal. Jan. 26, 2023)

*First*, we are well past 90 days in this case and a Plan has not been filed. While the Debtor has represented his intentions as to filing a Plan and various iterations of a "cram down" or other method of payment, nothing has actually been filed. The statute is clear, a Plan must be filed within 90 days of the petition. It was not. This alone mandates relief from stay.

*Second*, if a Plan is not filed, the Debtor can provide for interest payments at the "nondefault contract rate of interest". It is true that Movant has received adequate protection payments as of the filing of this Motion pursuant to the Cash Collateral Stipulation, however, this payment is far less than the interest only payments required under the Note. The normal monthly payment is $4,083.33, and the amount paid pursuant to the Cash Collateral Stipulation is only $2,587.62. This is not sufficient to provide adequate protection as it does not cover the interest only payments at the non-default rate as required.

The statute is clear that relief is mandatory in this scenario where the statute is not strictly complied with. The Debtor has not provided for sufficient adequate protection payments or filed a confirmable Plan despite already being more than four months into the case.

**2. Sufficient "Cause" Exists to Grant Movant's Motion for Relief from the Automatic Stay as Movant is not Adequately Protected and Debtor's Actions are in Bad Faith.**

Even apart from the requirement for relief from stay under (d)(3), there is "cause" for relief under 11 U.S.C. § (d)(1). 11 U.S.C. §362(d)(1) provides that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

---

[17] *See* Movant's Declaration, Par. 21, *See* also Scheer Declaration, Par. 5.

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

Cause to terminate the stay exists whenever the stay will harm the creditor and lifting the stay will not unjustly harm the debtor or other creditors. *In re Smith*, 1996 Bankr. LEXIS 1486, 78 A.F.T.R.2d (RIA) 7597 (Bankr. D. Cal. 1996). "Factors to consider in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor, (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative portionality of the harms from modifying or continuing the stay" *Scripps GSB I, LLC v. A Partners, LLC* (In re A Partners, LLC), 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006). Here, there is sufficient "cause" to grant relief from the automatic stay.

**Lack of Adequate Protection**

This is a short term, two-year loan. Since the filing of the petition in August, Movant and Debtor entered into the Cash Collateral Stipulation which provides for $2,587.62 to go to Movant for November and December, given the Debtor only has sufficient funds available from the cash collateral to make these payments. Movant's "interest only" payment on the Note total $4,083.33/month. Meaning, the payments in the Cash Collateral Stipulation do not even cover the non-default interest accruing on the obligation. Also, the Cash Collateral Stipulation only provides for two payments, despite this case being open since August 2025. This is clearly not sufficient as adequate protection and provides "cause" for relief from the automatic stay.

**Failure to Maintain Insurance**

In addition to the lack of adequate protection payments since the filing of the bankruptcy, there are additional deficiencies which subject Movant to immediate harm and jeopardy to its collateral. Specifically, the Debtor has been unable to maintain insurance on the Property. Prior to the filing, the Debtor defaulted on the obligation to obtain required insurance on the Property.

While the Debtor eventually provided proof of insurance on the Property, Movant recently learned that the insurance was *financed post-petition* and without authorization of

8

Movant or the Court. The lapse of insurance, combined with the Debtor obtaining financing without even notifying Movant or the Court provides additional cause for relief from stay.

**Debtor's Bad Faith, Mismanagement and Cash Collateral Misuse**

Unauthorized use of cash has long been held to be grounds for immediate injunctive relief to prevent such depredation of the interests of the secured creditor. *See* 7 Collier on Bankruptcy P 1112.04 (16th 2021). The use of cash collateral without court authorization or the creditor's consent can have harsh consequences, including the dismissal of the case or the granting of relief from the automatic stay. (*In re Bowers Inv. Co.*, LLC (Bankr.D.Alaska 2016) 553 B.R. 762, 771.)

Upon the filing of the Bankruptcy, Movant did not authorize use of its cash collateral. Prior to any stipulation being entered, Movant learned that the Debtor had used cash collateral without authorization after the filing. In the course of negotiating a cash collateral stipulation and also after the Cash Collateral Stipulation was entered, the Debtor misused cash collateral and failed to abide by the requirements of the Bankruptcy Code, including, but not limited to the following:

- Debtor improperly **and without authorization**, financed insurance, post-petition;
- Debtor was/is providing a **$1,200 discount to one of the tenants** on the Property as a payment of "child support", and has done so previously without disclosure and/or authorization;
- Debtor has/had written leases for all tenants on the Property **despite prior representations that all lease agreements were "not in writing".** The leases were only provided after numerous requests and after prior representations that these leases did not exist, presumably to hide the child support payment and other discrepancies;
- After entry of the Cash Collateral Stipulation, Debtor continued to use Movant's cash collateral **for his own purposes and without authorization,** including for his life insurance policy and his personal phone bill.

1   The Debtor has consistently defied the requirements of being a Chapter 11 Debtor by
2   misusing cash collateral both before and after the Cash Collateral Stipulation, failing to initially
3   disclose child support payments being made in the form of a rent credit, and improperly
4   financing a post-petition insurance policy without court authority. Any of these actions alone
5   would be cause for relief from stay and/or dismissal of the case.  The combination of all actions
6   mandate relief from stay as the Debtor has no business managing the Property without
7   complying with basic bankruptcy requirements.

8   **3. The Property Has No Equity and is Not Necessary to an Effective Reorganization That is in Prospect.**

10   11 U.S.C. §362(d)(2) provides an independent basis for Lender to obtain relief from the
11   stay and contains the following requirements:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…
>  (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

17   As held by the Supreme Court in examining the requirements of a request for relief from stay
18   under 11U.S.C. §362(d)(2):

> …"the property {must be} essential for an effective reorganization <u>that is in prospect</u>…" *(See United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 376 (U.S. 1988) at page 376).

22   When interpreting the burden of proof that must be satisfied by the Debtor in showing
23   that reorganization is in prospect, courts have found the following:

24   …"the burden of proof is a "moving target which is more difficult to attain as the Chapter
25   11 case progresses… the burden can be separated into four stages based upon when the creditor
26   requests relief from the automatic stay. In the early stage of the case, "the burden of proof . . . is
27   satisfied if the debtor can offer sufficient evidence to indicate that a successful reorganization

10

Case: 25-41405    Doc# 65-4    Filed: 12/18/25    Entered: 12/18/25 13:41:11    Page 13 of 15

within a reasonable time is 'plausible.'" Near the expiration of the exclusivity period, "the debtor must demonstrate that a successful reorganization within a reasonable time is 'probable.'". After the expiration of the exclusivity period, **"the debtor must offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'assured'.** Regardless of the amount of time a case has been pending, if "the evidence indicates that a successful reorganization within a reasonable time is 'impossible,' the court must grant relief from the stay." (*See Sun Valley Newspapers v. Sun World Corp. (In re Sun Valley Newspapers)*, 171 B.R. 71, 75 (Bankr. Fed. App. 1994), at page 75 (*emphasis* added, additional citations omitted).

**Equity Analysis**

The court must first determine whether there is any equity in the subject Property. "Equity" is defined as "the value, above all secured claims against the property that can be realized from the sale of the property for the benefit of the unsecured creditors." *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 (9th Cir. 1984); see also *La Jolla Mortg. Fund v. Rancho El Cajon Associates*, 18 B.R. 283 (Bankr. S.D. 1982).

The Debtor has listed the value of the Property as $970,000 in his Schedules on file with this court. There is no dispute, by Debtor's own numbers, that there is no equity in the Property. Movant reserves the right to obtain its own appraisal should value be at issue, but asserts that even Debtor is admitting there is a lack of equity in the Property even as to Movant's second trust deed.

Movant is owed at least $386,806.24 as of this Motion and the claim continues to accrue interest, fees and costs. There are additional liens held by Felipe R. Pinedo (claimed to be $658,315.38[18]) and Twin Rivers/ Omega Realty in the amount of $129,787.40, totaling well over $1,000,000. There is no dispute that there is a lack of equity.

**Reorganization Analysis**

Given the stage of the case (over four months in), the burden is on the Debtor to show that a reorganization is assured. The Debtor cannot do this. The Debtor appears to be misusing

cash collateral, co-mingling the cash collateral, has obtained post-petition financing of insurance without authorization, and has failed to disclose "child support" payments taken from Movant's cash collateral. The mismanagement combined with the lack of any equity in the Property makes reorganization impossible.

There is no ability to sell the Property for the benefit of the estate. The Debtor's only prospect of reorganization is a "cram down". However, even assuming, for arguments' sake, that the Debtor would be able to cram down claims over creditors' objections, the Debtor has not shown any legitimate income sufficient to fund a plan given the negative cash flow on the Property. This is evidenced by the continued misuse of cash collateral for personal expenses.

**4. Bankruptcy Rule 4001(a)(3) Should Be Waived**

There is cause to waive any waiting period that may be imposed by Bankruptcy Rule 4001(a)(3). There is no reason to allow for an additional waiting period after entry of a relief order given the misuse of cash collateral and the admitted lack of equity in the Property. Allowing additional time will only prejudice Movant and other creditors given the depleting equity.

### IV. CONCLUSION

Based on the foregoing, there is cause for the Court to grant relief from stay under 11 U.S.C. § 362(d)(1) and under (d)(2). Relief is also mandated under 11 U.S.C. § 362(d)(3). Relief from stay should be granted as to the Property, with a waiver of any applicable waiting period.

SCHEER LAW GROUP, LLP

DATED: December 18, 2025  /s/ Joshua L. Scheer
 #242722

---

[18] Pursuant to Pineda's POC, however, Movant reserves its right to dispute this amount.