1  SCHEER LAW GROUP, LLP
   JOSHUA L. SCHEER #242722
2  REILLY D. WILKINSON #250086
   85 Argonaut, Suite 202
3  Aliso Viejo, CA 92656
   Telephone: (949) 263-8757
4  Facsimile: (949) 308-7373
   jscheer@scheerlawgroup.com
5
   Attorneys for
6  Twin Rivers Capital a California Corporation, $75,000.00/$90,000.00ths; Omega Realty &
   Lending, Inc, $15,000.00/$90,000.00ths, *and*
7  Chin-Chai Low and Lai-Fen Wong, Trustees of the Low/Wong Family Trust dated September 9,
   1999, and any amendments thereto, $150,000.00/$350,000.00ths; Barry L. Chin and Susan Y. Chin,
8  Trustees, or their successors in trust, under the Chin Living Trust, dated April 13, 2001 and any
   amendments thereto, $100,000.00/$350,000.00ths; Siva Uppalapati and Padma Uppalapati, as CO-
9  Trustees of the Uppasana22 Family Trust, U/A dated November 8, 2022,
   $100,000.00/$350,000.00ths

10

UNITED STATES BANKRUPTCY COURT FOR

11

THE NORTHERN DISTRICT OF CALIFORNIA

12

OAKLAND DIVISION

13

| | |
|---|---|
| In re: | Bk. No. 25-41405 |
| | Chapter 11 |
| Jorge Almanza Martin Del Campo, | **SUPPLEMENTAL DECLARATION OF JOSHUA L. SCHEER** |
| Debtor. | Hearing Date: 01/07/2026 Time: 10:00 AM Place: Courtroom 215 1300 Clay Street, Oakland, CA 94612 |

14
15
16
17
18
19
20
21
22

23  SUPPLEMENTAL DECLARATION OF JOSHUA L. SCHEER

24  I, Joshua L. Scheer, declare and state:

25  1.  As to the following facts, I know them to be true of my own personal knowledge

26  and if called upon to testify in this action, I could and would testify competently to the following

27  facts personally known to me to be true.

28  //

2.      I am a Partner of Scheer Law Group, LLP, who represents Twin Rivers Capital a California Corporation, $75,000.00/$90,000.00ths; Omega Realty & Lending, Inc, $15,000.00/$90,000.00ths ("**Twin Rivers**"), *and* Chin-Chai Low and Lai-Fen Wong, Trustees of the Low/Wong Family Trust dated September 9, 1999, and any amendments thereto, $150,000.00/$350,000.00ths; Barry L. Chin and Susan Y. Chin, Trustees, or their successors in trust, under the Chin Living Trust, dated April 13, 2001 and any amendments thereto, $100,000.00/$350,000.00ths; Siva Uppalapati and Padma Uppalapati, as CO-Trustees of the Uppasana22 Family Trust, U/A dated November 8, 2022, $100,000.00/$350,000.00ths ("**Low Creditors**"), collectively the "**Secured Creditors**" in this bankruptcy matter. Low Creditors hold a second position deed of trust and Twin Rivers holds a third position deed of trust on the real property located at 4824 Bancroft Avenue, Oakland, CA 94601 ("**Property**").

3.      On October 10, 2025, the parties represented to the court that they had a "tentative" agreement as to cash collateral use that they were reducing to writing.  The interim cash collateral order was good through the end of October, but the parties were making efforts to resolve ahead of time so cash collateral could be used after October.

4.      On October 17, 2025, I forwarded a draft cash collateral agreement and also suggested that the parties include the first trust deed holder's counsel to approve any stipulation. I also suggested trying to finalize the stipulation "early next week". A true and correct copy of the October 17, 2025 email communication (without attachments or entire chain) is attached hereto as **Exhibit "A".**

5.      On October 22, 2025, Debtor's counsel provided edits to the proposed cash collateral stipulation. A true and correct copy of the October 22, 2025 email communication (without attachments or entire chain) is attached hereto as **Exhibit "B".**

6.      On October 28, 2025, after receiving the requested changes, I responded with requested changes. I also sent a separate email requesting additional information regarding the supposed insurance coverage as it was still unclear how it was obtained and whether it was sufficient.  Insurance premiums were part of the Stipulation. True and correct copies of these October 28, 2025 email communications (without the attachments or entire chain) are attached hereto as **Exhibit "C".**

7. On October 29, 2025, Debtor's counsel responded advising that the changes were fine. A true and correct copy of this October 29, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "D"**.

8. On October 29, 2025, I responded that Secured Creditors still had concerns regarding the insurance and other items and needed to confirm approval with the creditors before signing. A true and correct copy of this October 29, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "E"**.

9. On October 29, 2025, *counsel for the first* provided to Debtor and Secured Creditors its separate concerns as to the insurance and leases relating to the property, including a request for estoppel certificates to be included as part of the cash collateral agreement. A true and correct copy of this October 29, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "F"**.

10. On October 30, 2025, Debtor's counsel forwarded the requested insurance information that showed that the insurance had been financed post-petition without approval. A true and correct copy of the October 30, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "G"**.

11. On October 31, 2025, after learning that there were prior written rental agreements in place that conflicted with the numbers Debtor provided in the Cash Collateral Stipulation, I *again* requested the actual lease agreements and the actual amounts received each month given the numerous discrepancies. A true and correct copy of the October 31, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "H"**.

12. On November 3, 2025, Debtor's counsel provided written lease agreements for all the units *for the first time*, despite multiple prior requests. These numbers did not line up with the prior numbers provided and that were included in the Stipulation. In addition, it was learned for the first time that the debtor was providing a $1,200 discount to one of the tenants on the Property as a payment of "child support". A true and correct copy of the November 3, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "I"**.

//

13.     On November 4, 2025, Debtor's counsel acknowledged that the insurance was financed without authorization.  He then questioned whether there was still an agreement for use of cash collateral. A true and correct copy of the November 4, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "J".**

14.     On November 4, 2025, I responded that there remained numerous concerns given the recent discoveries as to insurance and rents, but it would check whether Secured Creditors were willing to enter into an agreement without prejudice to all rights and remedies. A true and correct copy of the November 4, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "J".**

15.     On November 14, 2025, Secured Creditors agreed to sign a stipulation, but expressed its continued concerns as to the recent disclosures (and non-disclosures) and that they warranted relief from stay. They also made it clear that the stipulation itself was without prejudice to its rights to file a separate motion. A true and correct copy of the November 14, 2025 email communication (without the attachments or entire chain) is attached hereto as **Exhibit "K".**

16.     On November 18, 2025, the Stipulation was signed by Debtor's counsel.

17.     The email communications attached to this Declaration are not all of the communications with counsel relating to the Stipulation, there are many more.  The emails included as exhibits were included without attachments and without the entire chain in the interest of brevity and in order to avoid full inclusion of the negotiations as to the Stipulation where not necessary.  However, these can be provided as needed or upon request and do not change the contents of the emails provided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on January 6, 2026, at Aliso Viejo, CA (city, state).

/s/JOSHUA L. SCHEER
**DECLARANT**

# EXHIBIT A

| From: | Joshua Scheer |
|---|---|
| To: | Evan Livingstone |
| Subject: | RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| Date: | Friday, October 17, 2025 5:50:00 PM |
| Attachments: | image001.png |
| | Cash Collateral Stipulation.doc |

Evan:

Attached is a draft agreement for changes and comments by the two of you.  I used a form of ours so there may be certain items that are inapplicable, but I tried my best to address.  You will need to attached the below agreed budget.

You may need to loop Dustin in for the Pineda info.  I provided this through December, with the idea that we can extend longer if an agreement.  Otherwise, I assume there will be some progress with a plan before the end of the year.

Let's try to finalize early next week if possible.

Josh

Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege and is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us

# EXHIBIT B

| From: | Evan Livingstone |
|-------|------------------|
| To: | Joshua Scheer; Dustin Dyer |
| Subject: | Re: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| Date: | Wednesday, October 22, 2025 9:14:41 AM |
| Attachments: | image001.png |
| | Cash Collateral Stipulation - edited EL.doc |
| | Exhibit C - Cash Flow Budget.pdf |

Joshua:

I made some edits to the proposed cash collateral stipulation. Please see attached Red Line of revisions.

> I put in the amount to Felipe Pinedo from the proof of claim.

> Debtor pays some bills using debit transactions. I put in some language that allows him to continue to do that.

> I also added a place for Dustin to approve as to form.

For your convenience I am including Exhibit C - Cash Flow Budget

Evan Livingstone
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
tel. (707) 280-2791
fax (707) 676-9112

CONFIDENTIALITY NOTICE:

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: evanmlivingstone@gmail.com

On Fri, Oct 17, 2025 at 5:50 PM Joshua Scheer <jscheer@scheerlawgroup.com> wrote:

> Evan:
>
> Attached is a draft agreement for changes and comments by the two of you. I used a form of ours so there may be certain items that are inapplicable, but I tried my best to address. You will need to attached the below agreed budget.
>
> You may need to loop Dustin in for the Pineda info. I provided this through December, with the

# EXHIBIT C

| From: | Joshua Scheer |
|-------|---------------|
| To: | Evan Livingstone; Dustin Dyer |
| Subject: | RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| Date: | Tuesday, October 28, 2025 7:57:00 PM |
| Attachments: | image001.png |
| | Cash Collateral Stipulation (JS)(2).doc |

Evan:

I am good with your changes except for the following:

> "except that loss of rental income due to circumstances beyond Debtor's control which negatively effects Net Operating Income shall not be considered a breach of this agreement. Debtor shall make best efforts to keep the building fully occupied."

The purpose of the budget is to provide specific requirements as to these amounts. If it varies more than 5% due to loss of income from tenants or other reasons then this would mandate new authorization or request for use. I would agree to:

> "…notwithstanding the above, this paragraph shall not prevent the Debtor from opposing any default based upon an assertion that there are circumstances beyond Debtor's control that have negatively impacted the Net Operating Income, such as a tenant vacating the Property".

I think this is what you are trying to say. I added this to the agreement. If acceptable, please sign and return so we can upload this week.

Let me know if you have any comments or questions. I am around tomorrow at your convenience.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

**From:** Joshua Scheer
**To:** Evan Livingstone
**Subject:** RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave
**Date:** Tuesday, October 28, 2025 7:48:00 PM
**Attachments:** image001.png

Evan:

I will send a separate email on the cash collateral stip, however, I wanted to address the insurance.

Upon review, my client noticed that the document only reflects the amendment and shows a **$0.00 premium change**, but it does not include the full insurance details.

To complete my client's file and confirm compliance, please provide the following missing items:

1. **Policy Declarations Page** – showing:

   o Coverage limits (property, liability, and any applicable sub-limits)

   o Deductibles

   o Effective and expiration dates

   o Premium amount and status (paid-to-date or outstanding)

2. **Evidence of Payment** – confirmation or receipt showing current premium status (paid in full or installment schedule).

3. **Confirmation of Active Coverage** – written verification from **Maxum Indemnity Company** that Policy No. **BDG-3123225-01** is active and in good standing.

4. **Any Prior or Current Renewal Documents** – if this policy was renewed or extended, please include the current term and effective dates.

Once received, they'll review to confirm the insured amounts, payment status, and applicable coverage for the property located at **4824 Bancroft Ave, Oakland, CA 94601**.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com

# EXHIBIT D

| From: | Evan Livingstone |
|-------|------------------|
| To: | Joshua Scheer |
| Cc: | Dustin Dyer |
| Subject: | Re: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| Date: | Wednesday, October 29, 2025 8:14:54 AM |
| Attachments: | image001.png |

Josh:

The changes are fine. Can we just clarify what this means:

For each month during the term of this Stipulation, as adequate protection, the Debtor shall remit, to Secured Creditors (through their counsel), by no later than the 1 st day of each month, the following:

Felipe Pinedo $4,428.78
The Low Creditors $2,557.87
Twin Rivers $657.74

**Does "remit" mean to put a check in the mail? Does that mean the envelope needs to be postmarked by November 1, 2025 and December 1, 2025**

If we agree that is what remit means, then you can go ahead and apply my /s/signature on the stipulation.

Evan Livingstone
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
tel. (707) 280-2791
fax (707) 676-9112

CONFIDENTIALITY NOTICE:

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: evanmlivingstone@gmail.com

On Tue, Oct 28, 2025 at 7:57 PM Joshua Scheer <jscheer@scheerlawgroup.com> wrote:

> Evan:
>
> I am good with your changes except for the following:

# EXHIBIT E

| From: | Joshua Scheer |
|-------|---------------|
| To: | Evan Livingstone |
| Cc: | Dustin Dyer |
| Subject: | RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| Date: | Wednesday, October 29, 2025 9:52:00 AM |
| Attachments: | image001.png |

Evan:

I need to confirm with my clients, they have not authorized approval yet as they are concerned about the insurance and other items which I am discussing with them.   I will call you later if you are around.  Please respond to the separate insurance requests.

Josh


Respond to:

Joshua Scheer

Scheer Law Group, LLP

85 Argonaut, Suite 202

Aliso Viejo, CA 92656

Office: (949) 263-8757 x 108

Fax: (949) 308-7373

Cell: (415) 686-3695

Email: jscheer@scheerlawgroup.com

www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege and is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by return e-mail.

Thank You.

# EXHIBIT F

| | |
|---|---|
| **From:** | Dustin Dyer |
| **To:** | Joshua Scheer |
| **Cc:** | Evan Livingstone |
| **Subject:** | Re: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| **Date:** | Wednesday, October 29, 2025 10:49:32 AM |
| **Attachments:** | image001.png |

Evan

My client shares the same concerns regarding insurance.

Additionally, I have some concerns regarding the rents and lack of leases on the property, especially with the Debtor collecting the rents. I think we need estoppel certificates for each tenant which provides the relevant details regarding each tenant ( rent amount, security deposit, length, etc.).

Besides that, I don't have any additional large issues that I see at this point.

I will be filing an amended claim updating the numbers and providing the deed of trust and 410A form with our claim. Hopefully, I will get that on file by the end of the week.

I am available this afternoon 1pm-330pm or tomorrow 11am-2pm if anyone would like to discuss the matters in more detail.

On Wed, Oct 29, 2025 at 9:52 AM Joshua Scheer <jscheer@scheerlawgroup.com> wrote:

> Evan:
>
> I need to confirm with my clients, they have not authorized approval yet as they are concerned about the insurance and other items which I am discussing with them.  I will call you later if you are around.  Please respond to the separate insurance requests.
>
>
> Josh
>
>
>
> Respond to:
>
>
> Joshua Scheer
>
> Scheer Law Group, LLP
>
> 85 Argonaut, Suite 202
>
> Aliso Viejo, CA 92656

# EXHIBIT G

**From:** Evan Livingstone
**To:** Joshua Scheer; Dustin Dyer
**Subject:** Fwd: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave
**Date:** Thursday, October 30, 2025 8:13:14 PM
**Attachments:** image001.png
Image.jpeg
Image.jpeg
image001.png
Jorge Almanza Certificate GL.pdf
Jorge Almanza Property Certificate.pdf
Jorge Almanza Policy Jacket.pdf
Down payment.pdf
Finance Agreement.pdf

Please see below.

Evan Livingstone
Attorney at Law
1160 N Dutton Ave, Ste 105
Santa Rosa, CA 95401
tel.  (707) 206-6570
fax  (707) 676-9112

---------- Forwarded message ---------
From: **Jimmy Montes** <jmontes@royalguard.insure>
Date: Wed, Oct 29, 2025, 9:02 AM
Subject: Re: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave
To: Evan Livingstone <evanmlivingstone@gmail.com>
Cc: Jaime Privat <soyjpb@yahoo.com>, Jorge Almanza <Jorgealmanza4838@gmail.com>


Good Morning Mr., Livingstone,

Most if not all that information can be found in the policy jacket, I emailed over to you on 9/10 which includes the declarations page and certificates of insurance. I have attached again to this email. This has a written signature from the carrier confirming that the policy is active.


The reason there was a $0 premium charge on the document I emailed to you recently was because that was an endorsement to add additional named insured on the policy and the carrier did it as a courtesy.


The policy is currently being financed through a third-party company that paid the carrier in full. I have attached documentation for that here as well as receipt of the down payment.

# EXHIBIT H

| | |
|---|---|
| **From:** | Joshua Scheer |
| **To:** | Evan Livingstone |
| **Subject:** | RE: rent roll |
| **Date:** | Friday, October 31, 2025 2:17:00 PM |
| **Attachments:** | image001.png |

Evan:

I need to know on the rental agreements.  My understanding after talking with the client further is that the Debtor had written rental agreements in place at the time the loans were made.  Not only do they conflict with some of the numbers provided, but it does not make any sense that the Debtor would put new tenants in place without getting an agreement.  I assume some, if not all, are the prior tenants that were there at the time of the loan.

We need an accurate representation of the leases and amounts.  There is many discrepancies based upon what was provided.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com




ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege and is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by return e-mail.

# EXHIBIT I

| | |
|---|---|
| **From:** | Evan Livingstone |
| **To:** | Joshua Scheer; Dustin Dyer |
| **Subject:** | Re: rent roll |
| **Date:** | Monday, November 3, 2025 8:36:54 AM |
| **Attachments:** | image001.png |
| | 25-41405 Almana - 4824 Bancroft Leases.pdf |

Joshua and Dustin:

1) I apologize. I don't know how I got confused about this matter. I thought there were no written rental agreements, <u>okay</u> I am attaching them here.

<u>4824 Bancroft Ave Rent Roll</u>

| | |
|---|---|
| 4824 Rodolfo Renteria | $1,900.00 |
| 4826 Jessica Martinez Garcia | $2,000.00 |
| 4828 Juan Suarez | $1,852.20 |
| 4830 Laura Pinedo | $1,519.95 |
| 4832 Iris Turcio | $2,200.00 |
| 4834 Maria Esparza | $1,000.00 |
| 4836 Jerry Gustavo Tec Koyoc | $1,900.00 |
| Total | $12,372.15 |

Please note that the current rent for 4828 is $89.20 more than previously reported.
The current rent for 4830 is $0.95 more than previously reported.
The contract for 4834 says $2,200 but Maria Esparza keeps $1,200 a month as child support for Maria and Debtor's minor child.

2) Therefore the total rent is actually $12,372.15. Based on my calculations this would change the adequate protection payment slightly:

| | | |
|---|---|---|
| Felipe Pinedo $606,000.00 | 58% | $4,480.28 |
| Low, Wong, Chin, Uppalapati $350,000.00 | 33% | $2,587.62 |
| Twin Rivers, Omega $90,000.00 | 9% | $665.3 |

**Please let me know if you want the debtor to make these payments.**

Here's my calculations by the way:

**Rental Income**

| | |
|---|---|
| 4824 Bancroft Ave | $1,900.00 |
| 4826 Bancroft Ave | $2,000.00 |
| 4828 Bancroft Ave | $1,852.20 |
| 4830 Bancroft Ave | $1,519.95 |
| 4832 Bancroft Ave | $2,200.00 |
| 4834 Bancroft Ave | $1,000.00 |
| 4836 Bancroft Ave | $1,900.00 |
| **Total Income** | **$12,372.15** |

**Property Expenses**

| | |
|---|---|
| Property Tax | $1,937.36 |
| Oakland RAP Fee | $58.92 |
| Oakland Business Tax | $172.59 |
| Property Insurance | $500.00 |
| PGE | $270.00 |
| EBMUD | $550.00 |
| Waste Management | $450.00 |
| Repairs | $500.00 |
| Business Vehicle | $200.00 |
| **Total Property Expenses** | **$4,638.87** |

| | |
|---|---|
| **Available Cash Collateral** | **$7,733.28** |

**Adequate Protection Payments**

| Secured Creditor | Debt | % Debt | AP Pmt |
|---|---|---|---|
| Felipe Pinedo | $606,000.00 | 58% | **$4,480.28** |
| Low, Wong, Chin, Uppalapati | $350,000.00 | 33% | **$2,587.62** |
| Twin Rivers, Omega | $90,000.00 | 9% | **$665.39** |
| Total Debt | $1,046,000.00 | | |

Evan Livingstone
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
tel. (707) 280-2791
fax (707) 676-9112

CONFIDENTIALITY NOTICE:

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: evanmlivingstone@gmail.com

On Fri, Oct 31, 2025 at 2:17 PM Joshua Scheer <jscheer@scheerlawgroup.com> wrote:

Evan:

# EXHIBIT J

| | |
|---|---|
| **From:** | Joshua Scheer |
| **To:** | Evan Livingstone |
| **Cc:** | Dustin Dyer |
| **Subject:** | RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| **Date:** | Tuesday, November 4, 2025 12:24:00 PM |
| **Attachments:** | image001.png |
| | image002.jpg |

Evan:

I'll review with my client and get back to you shortly.

I have some serious concerns as to the financing of the insurance without authority, along with the rental agreements suddenly appearing after multiple prior requests, and the discovery of one tenant receiving a discount for "child support" that was not previously disclosed. This in and of itself is a misuse of cash collateral.

I will see if we can work out the stipulation so the funds can at least be distributed, but we reserve all rights and remedies as to these issues.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege and is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to

the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail.

Thank You.

**From:** Evan Livingstone <evanmlivingstone@gmail.com>
**Sent:** Tuesday, November 4, 2025 11:56 AM
**To:** Joshua Scheer <jscheer@scheerlawgroup.com>
**Cc:** Dustin Dyer <ddyer@dyerlawfirm.com>
**Subject:** Re: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave

Joshua and Dustin:

It does appear from the document titled finance agreement that Debtor financed $3,797.61 in property insurance payments at 29.% interest. I believe that you are correct that approval should have been obtained from the court.

What is your clients' position on this? Are they wiling to enter into a stipulation to permit this financing, or would they prefer that debtor paid it all off at once?

Also, because we have not finalized the order on motion to use cash collateral, debtor is now in a position where to spend further cash collateral he will have to request another hearing. We told the court that we had an agreement but it appears that we do not?

Evan Livingstone
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
tel. (707) 280-2791
fax (707) 676-9112

CONFIDENTIALITY NOTICE:

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: evanmlivingstone@gmail.com

On Fri, Oct 31, 2025 at 2:14 PM Evan Livingstone <evanmlivingstone@gmail.com> wrote:

> Joshua:
>
> I will take a look at the documents and get back to you.

# EXHIBIT K

| | |
|---|---|
| **From:** | Joshua Scheer |
| **To:** | Evan Livingstone |
| **Cc:** | Dustin Dyer |
| **Subject:** | RE: 25-41405 Almanza Proposed Use of Cash Collateral for Adequate Protection Payments for 4824 Bancroft Ave |
| **Date:** | Friday, November 14, 2025 12:31:00 PM |
| **Attachments:** | image001.png |
| | image002.jpg |
| | Cash Collateral Stipulation (JS)(3).doc |

Evan:

I spoke with my client on this. The recent disclosures (and prior non-disclosures) are extremely concerning and in my opinion warrant immediate dismissal and/or relief from stay.  These issues will likely be the subject of a separate motion to be filed.

In the interim, my client will agree to the cash collateral stipulation with the attached redlined changes.  Again, this is without prejudice to its rights to file a separate motion.

If the debtor and Mr. Dyer's client are agreeable to the changes, I will sign off.  Otherwise, the matter will need to be reset for hearing.

Please let me know either way.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.