Evan Livingstone, SBN 252008
Law Office of Evan Livingstone
2585 Sebastopol Rd, Unit 7265
Santa Rosa CA 95407
Phone: (707) 280-2791
Fax:    (707) 626-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor-In-Possession
Jorge Almanza Martin Del Campo

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Jorge Almanza Martin Del Campo<br><br>Debtor-In-Possession | Case No.   25-41405 CN<br><br>Chapter   11<br><br>**AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED JANUARY 15, 2026**<br><br>Judge:   Hon. Charles Novack |

**INTRODUCTION**

This is Debtor Jorge Almanza Martin Del Campo's Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement dated January 15, 2026 (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 100% of their allowed claims in monthly payments over 60 months. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than date to be arranged. The court will hold a hearing on confirmation of the Plan on a date and time to be arranged.

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**A. Property to be Surrendered.**

Not Applicable

**B. Creditors' Rights Remain Unchanged.**

Not Applicable

**C. Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|

| Class | Name of Creditor | Collateral | | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| 1.a | Felipe R. Pinedo | 4824 Bancroft Ave, Oakland, CA | $4,196.85 $68,828.41 | 6% | $747.00 |

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in 60 equal monthly payments, due the 5th day of the month, starting June 1, 2026 on the above secured claims. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

**D. Debtor to Strip Lien to Value of Collateral and Pay Over Time.**

Not Applicable

**E. Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1.b | Chin-Chai Low, et al | 4824 Bancroft Ave, Oakland, CA | $366,692.49 | 6% | $2,199.00 | 30 years |
| 1.c | Twin Rivers Capital / Omega Realty & Lending | 4824 Bancroft Ave, Oakland, CA | $113,027.23[1] | 6% | $678.00 | 30 years |
| 1.d | Alameda County Tax Collector | 4824 Bancroft Ave, Oakland, CA | $11,624.15 | 18% | $296.00 | 5 years |
| 1.e | Westlake Services, LLC | 2012 Ford F150 | $2,988.84 | 8% | $260.00 | 1 year |

Debtor will pay the entire amount contractually due with interest through 360, 60, and 12 equal monthly payments, due the first day of the month, starting June 1, on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

---

[1] Amount owed may be reduced by outcome of adversary proceeding. See Section 7(f).

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

F. **Property to be Sold.**

Not Applicable

## PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS

A. **Class 2(a). Small Claims.**

Not Applicable

B. **Class 2(b). General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| WM Corporate Services, Inc. | $8,108.52 | N | $8,108.52 | $136.00 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

Percent Plan. Creditors will receive 100 percent of their allowed claim in 60 equal monthly installments, due on the 5th day of the month, starting March 2026.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan**. Debtor has indicated above whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) **Professional Fees.**

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Evan Livingstone, Attorney for Debtor | $26,000 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

**(b) Other Administrative Claims.**

Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan**.

No administrative claims except for United States Trustee, estimated at $84.00 a month.

**(c) Tax Claims.**

**IRS filed a priority tax claim in the amount of $172,976.74 on 9/12/2024. Debtor anticipates IRS tax claim will be amended to $0.00. Debtor has filed his 2024 tax return and does not owe any federal or state income tax. If not resolved by January 30. 2026, Debtor will file an objection to the IRS' claim by February 6, 2026.**

PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) Executory Contracts/Unexpired Leases Assumed.

Not Applicable

(b) Executory Contracts/Unexpired Leases Rejected.

Not Applicable

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) Discharge. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) Plan Creates New Obligations. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) Creditor Action Restrained. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) Obligations to Each Class Separate. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) Material Default Defined. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default;

(ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) Remedies Upon Material Default. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) Claims not Affected by Plan. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) Effect of Conversion to Chapter 7. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) Retention of Jurisdiction. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## PART 7: GENERAL PROVISIONS

(a) Effective Date of Plan. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the

Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) Disputed Claim Reserve. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c) Cramdown. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) Governing Law. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) Lawsuits.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

**TWIN RIVERS CAPITAL A CALIFORNIA CORPORATION, OMEGA REALTY & LENDING, INC, JOEL DE LA CRUZ, KEVIN TERRY. Debtor will file an adversary proceeding against these parties which if successful will decrease the amount owned to third position secured creditor Twin Rivers Capital / Omega Realty & Lending by at least $67,000. AP will be filed by January 20, 2026.**

(g) Notices. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

> Law Office of Evan Livingstone
> 2585 Sebastopol Rd, Unit 7265
> Santa Rosa CA 95407

(h) Post-Confirmation United States Trustee Fees. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) Deadline for § 1111(b) Election. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: January 15, 2026　　　　　　　　　　/s/Jorge Almanza Martin Del Campo
　　　　　　　　　　　　　　　　　　　　　Debtor

Dated: January 15, 2026　　　　　　　　　　/s/Evan Livingstone
　　　　　　　　　　　　　　　　　　　　　Evan Livingstone
　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor
　　　　　　　　　　　　　　　　　　　　　Jorge Almanza Martin Del Campo

**Attorney Certification**

I, Evan Livingstone, am legal counsel for the Debtor in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified. None, except for non-applicable section have been marked not applicable.

I declare that the foregoing is true and correct.

Executed on January 15, 2026.                /s/Evan Livingstone
                                             Evan Livingstone
                                             Attorney for Debtor(s)

**Exhibit 1 - Events That Led To Bankruptcy**

Debtor owns a 7-unit apartment building located at 4824 Bancroft Ave, Oakland, CA 94601, Alameda County APN 035-2384-003-03169. Rent from the building is Debtor's only source of income. There are three deeds of trust securing loans on the property. 1) Felipe R. Pinedo: $658,315.38, 2) Chin-Chai Low, et al: $366,692.49, 3) Twin Rivers Capital / Omega Realty & Lending: $113,027.23.

After the Debtor failed to pay property taxes on the Real Property in December 2024, the third lender paid the delinquent property taxes on the building, declared the loan in default, and recorded a Notice of Default on March 21, 2025.

On July 7, 2025, Debtor filed this Chapter 11 bankruptcy to forestall foreclosure.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 4824 Bancroft Ave, Oakland, CA 94601

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $970,000.00 | 1st $658,315.38 | $20,000.00 | $0.00 | $0.00 | $0.00 |
|  | 2nd $366,692.49 |  |  |  |  |
|  | 3rd $113,027.23 |  |  |  |  |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $4,200 | $0.00 | $4,200 | $0.00 |
| Automobile 2012 Ford F150 | $5,000 | $3,500 | $1,500 | $0.00 |
| Household Furnishings | $1,000 | $0.00 | $1,000 | $0.00 |
| Jewelry | $0.00 | $0.00 | $0.00 | $0.00 |
| Equipment | $1,500 | $0.00 | $1,500 | $0.00 |
| Stocks / Investments | $0.00 | $0.00 | $0.00 | $0.00 |
| Other Personal Property | $1,800 | $0.00 | $1,800 | $0.00 |
| TOTAL |  |  |  | $0.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $0.00 |
| Recovery from Preferences / Fraudulent Conveyances | $0.00 |
| Chapter 7 Administrative Claims | $0.00 |
| Chapter 11 Administrative Claims | $30,000 |
| Priority Claims | $0.00 |
| Chapter 7 Trustee Fees | $0.00 |
| Chapter 7 Trustee's Professionals | $0.00 |
| Net Funds Available For Distribution To Unsecured Creditors | $0.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $8,108.52 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 100% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

### Exhibit 3 - Monthly Income and Expenses

| Income | Amount |
|---|---|
| Gross Employment Income | $3,000.00 |
| Gross Business Income (from 4824 Bancroft Ave, Oakland, CA) | $3,183.05 |
| [OTHER INCOME - DESCRIBE] | |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $0.00 |
| A. Total Monthly Income | $6,183.05 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $0.00 |
| Retirement Contributions (401k, IRA, PSP) | $0.00 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities)<br>(Total Arrearages on Principal Residence are $0.00) | $0.00 |
| Household Expenses (food) | $800.00 |
| Transportation Expenses (car payment $260 in plan, insurance $405, fuel $200) | $865.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $250.00 |
| Alimony / Child Support | |
| Other Expenses | $90.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | $0.00 |
| B. Total Monthly Expenses | $2,005.00 |

| | |
|---|---|
| C. Disposable Income (Line A - Line B) | $4,178.05 |

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | $84.00 |
| Priority Claims | $0.00 |
| General Unsecured Creditors (5 years) | $136.00 |
| Pinedo 1st Mortgage Arrears (5 years) | $747.00 |
| Low Creditors 2nd Mortgage Payments (30 years) | $2,199.00 |
| Twin River 3rd Mortgage Payments (30 years) | $678.00 |
| Alameda County Property Taxes | $296.00 |
| D. Total Plan Payments | $4,140.00 |

| E. Plan Feasibility (Line C - Line D)  (Not feasible if less than zero) | $38.05 |
|---|---|

## Exhibit 4 - Effective Date Feasibility

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | $10,000.00 | |
| Payments on Effective Date | $8,512.85 | |
| Pinedo Regular Payments $4,196.85<br>Pinedo Arrears $747.00<br>Low Modified Payment $2,199.00<br>Twin Rivers Modified Payment $678.00<br>Property Tax Payment $296.00<br>Truck Payment $260.00<br>Unsecured Payment $136.00<br><br>Total Plan $8,512.85 | | |
| Unclassified Claims | $0.00 | |
| Administrative Expense Claims | $0.00 | |
| Priority Claims | $0.00 | |
| Small Claims (Class 2(a)) | $0.00 | |
| U.S. Trustee Fees | $84.00 | |
| B. Total Payments on Effective Date | $1,403.15 | |
| C. Net Cash on Effective Date (Line A - Line B)<br>(Not feasible if less than zero) | | |

# Exhibit 5 - Investment Property Analysis

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: 4824 Bancroft Ave, Oakland, CA (with 2nd and 3rd Mortgage in Plan)

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $12,372.12 | 1st $4,196.85 | $500.00 | $2,290.74 | $2,201.51 | $3,183.05 |
| | 2nd $0.00* | | | | |
| | 3rd $0.00** | | | | |

\* Second position mortgage of Low creditors is modified in plan.
\* Third position mortgage of Twin Rivers creditors is modified in plan.

| B. Total Positive Cash Flow (as modified by plan) | $3,183.05 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**

Not Applicable as long as payments for 4824 Bancroft Ave, Oakland, CA are modifed